O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7771 AHM (PJWx) | Date | January 5, 2011 |
|---|---|---|---|
| Title | HENRICO NIVERA et al. v. WMC MORTGAGE CORP., et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:      Attorneys **NOT** Present for Defendants:

**Proceedings:**      IN CHAMBERS (No Proceedings Held)

On October 18, 2010, Plaintiffs Henrico and Judith Nivera ("Plaintiffs") filed this action in federal court, alleging fourteen causes of action against Defendants WMC Mortgage Corp., L&A Escrow, Mortgage Electronic Registration Systems, Inc. ("MERS"), and various Does ("Defendants") in connection with a foreclosure proceeding on Plaintiffs' residence. They based jurisdiction on alleged "federal question jurisdiction."

On November 30, 2010, Defendant MERS filed this Motion to Dismiss[1] the Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Plaintiffs, who are pro se, failed to oppose the motion, and Defendant has filed a notice of non-opposition with the Court.[2] "The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." Local Rule 7–12. In addition, the motion appears meritorious on its face. Accordingly, and finding a lack of jurisdiction over Plaintiff's claims, the Court GRANTS Defendant's Motion.

The Complaint alleges a total of fourteen claims for: (1) declaratory relief; (2) injunctive relief; (3) failure to take possession of the original promissory note in violation of Cal. Commercial Code § 9313 and 11 U.S.C. § 544; (4) contractual breach of good faith and fair dealing; (5) violations of TILA, 15 U.S.C. § 1601 et seq.; (6) violations of RESPA, 12 U.S.C. § 2601 et seq.; (7) violations of Cal. Civil Code § 2392.5; (8)

---

[1] Dkt. No. 7.

[2] Dkt. No. 8.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7771 AHM (PJWx) | Date | January 5, 2011 |
|---|---|---|---|
| Title | HENRICO NIVERA et al. v. WMC MORTGAGE CORP., et al. | | |

rescission under TILA; (9) fraud; (10) unfair and deceptive acts and practices; (11) breach of fiduciary duty under TILA; (12) unconscionability; (13) predatory lending under California Bus. and Prof. Code § 17200 ("UCL"); and (14) quiet title.

Plaintiffs' TILA and RESPA claims are Plaintiffs' only federal causes of action[3]. Here, all TILA and RESPA claims are time-barred.

Plaintiffs' RESPA claim (claim six) was filed over five years after the closing of their loan, and thus is time-barred. The statute of limitations for RESPA is one year from the occurrence of the violation for claims arising under section 2607 or 2608, and three years for violations brought pursuant to section 2605. *See* 12 U.S.C. § 2614. Plaintiffs allege that the RESPA violations occurred leading up to the signing of the loan. Compl. ¶¶ 73-80. The loan closed on February 14, 2005, Compl. ¶ 20, and Plaintiffs did not file this action until October 18, 2010, well outside of the statute of limitations. Moreover, contrary to Plaintiffs' claim eight, there is no claim for rescission under RESPA. *See* 12 U.S.C. §§ 2605(f) & 2607(d). Accordingly, Plaintiffs' RESPA claim (claim six) is time barred and is therefore DISMISSED with prejudice.

Plaintiffs' damages claims related to TILA, claims five and eleven, are all also time-barred. *See* 15 U.S.C. §§ 1635(f) and 1640(e) (statute of limitations expires one year after date of loan closing for TILA claim for damages). Plaintiffs' claim for rescission under TILA (claim eight) is based on Defendants' failure to properly disclose the details of the loan, and is therefore time-barred. 15 U.S.C. § 1635(f) (TILA claim for rescission expires "three years after the date of consummation of the transaction"). Accordingly, Plaintiffs' TILA claims (claims five, eight, and eleven) are DISMISSED with prejudice.

Moreover, Plaintiffs cannot even state TILA and RESPA claims against Defendant MERS because MERS was never Plaintiffs' creditor with respect to the mortgage loan at issue in this action. *See* 15 U.S.C. § 1640(a) (providing for private right of action against

---

[3]Plaintiffs' cause of action for failure to take possession of the original promissory note cannot be brought under 11 U.S.C. § 544, as this is not a bankruptcy proceeding. Section 544 relates to trustees as lien creditors and as successors to certain creditors and purchasers in bankruptcy proceedings.

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7771 AHM (PJWx) | Date | January 5, 2011 |
|---|---|---|---|
| Title | HENRICO NIVERA et al. v. WMC MORTGAGE CORP., et al. | | |

a "creditor" for failure to comply with disclosure requirements).  Similarly, 15 U.S.C. § 2605, the basis for Plaintiff's RESPA claim, imposes disclosure requirements on a lender who transfers loan servicing and on the transferee of loan servicing.  It does not apply to Defendant MERS, either.

      Therefore, because Plaintiffs' federal claims must be dismissed with prejudice, the Complaint does not present a valid federal question.  As such, there are no claims remaining that necessarily depend on resolution of an actual and disputed federal issue.  Accordingly, this Court lacks subject matter jurisdiction over Plaintiffs' remaining claims and GRANTS Defendant MERS's Motion to Dismiss.

      A court "may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related." *Silverton v. Dep't of the Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981); *see also Abaghinin v. Amvac Chem. Corp.*, 545 F.3d 733, 742-43 (9th Cir. 2008).  Although Defendants WMC Mortgage Corp., and L&A Escrow did not join in MERS's motion to dismiss, this Court GRANTS the Motion to Dismiss as to all Defendants.

      This action is therefore DISMISSED in its entirety, but with prejudice only as to the federal (TILA and RESPA) claims.

      No hearing is required.  Fed. R. Civ. P. 78; Local Rule 7-15.

**JS-6**

|  | : |  |
|---|---|---|
| Initials of Preparer | | SMO |